IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANGELA D. BOWLES and VIVIAN E. RIVERA, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 2:16-cv-02982-STA-cgc ) ) |
| HEATH CONSULTANTS, INCORPORATED, a Delaware Corporation, and GRANT CROTTS, individually, | ) ) ) ) |
| Defendants. | ) ) |

**ORDER DENYING PLAINTIFFS' MOTION TO REMAND**

Plaintiffs Angela D. Bowles and Vivian E. Rivera filed this action in the Chancery Court of Shelby County, Tennessee, for alleged violations of the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4–21–101, *et seq.* and wrongful discharge in violation of Tennessee's common law. (ECF No. 1-2.) Defendants Heath Consultants, Inc., and Grant Crotts removed the action to this Court pursuant to 28 U.S.C. § 1332, diversity of citizenship. (ECF No. 1.) Plaintiffs have moved the Court to remand the action. (ECF No. 15.) Defendants have filed a response to the motion (ECF No. 21), and Plaintiffs have filed a reply to the response. (ECF No. 26.) For the reasons set forth below, the motion to remand is **DENIED**.[1]

---

[1] A motion to dismiss Grant Crotts as a defendant remains pending. (ECF No. 8.) The parties have agreed that Plaintiffs' response to the motion will not be due until ten days after the Court has ruled on the motion to remand. (ECF No. 17.)

On a motion for remand, the removing party has the burden of establishing that removal was proper.[2] "The removal petition is to be strictly construed, with all doubts resolved against removal."[3]

A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants."[4] Complete diversity exists only when no plaintiff and no defendant are citizens of the same state.[5] In the present case, at the time of the filing of the complaint, Plaintiff Bowles was a citizen of Tennessee, Plaintiff Rivera was a citizen of Mississippi, Defendant Heath Consultants was a citizen of Delaware, and Defendant Crotts was a citizen of Tennessee. Therefore, on the face of the complaint, complete diversity does not exist, and a remand is necessitated.

Defendants contend, however, that the motion to remand should be denied because Defendant Crotts was fraudulently joined. Specifically, Defendants contend that Crotts, who is alleged to have supervised Plaintiffs during their employment with Defendant Heath Consultants, cannot be individually liable under the THRA and that Plaintiffs' common law claims are preempted by the THRA. Defendants correctly note that, if the citizenship of Crotts is disregarded, there is complete diversity between the parties.[6]

---

[2] *See Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).

[3] *Raup v. Webb*, 2011 WL 1326603 at *1 (W.D. Tenn. Apr. 6, 2011) (quoting *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citing *Wilson v. USDA*, 584 F.2d 137, 142 (6th Cir. 1978))).

[4] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806)).

[5] *See United States Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992)); *see also* 28 U.S.C. § 1332(a)(1).

[6] The parties have not disputed that the amount in controversy requirement of § 1332 has been met.

Fraudulent joinder is "a judicially created doctrine that provides an exception to the requirement of complete diversity."[7] A defendant is fraudulently joined if it is "clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law ..."[8] "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined."[9] The relevant inquiry is whether there is "a colorable basis for predicting that a plaintiff may recover against [a defendant]."[10] "[T]he Sixth Circuit has indicated that, in the absence of directly applicable state court precedent, a district court may look to analogous state laws in construing the validity of a claim under the law at issue."[11] "The removing party bears the burden of demonstrating fraudulent joinder."[12]

The question before the Court is whether Defendant Crotts can be held individually liable under the THRA.[13] If so, complete diversity does not exist, and the action must be remanded.

---

[7] *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999), *abrogated on other grounds by Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)).

[8] *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (citation omitted).

[9] *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) (citation omitted).

[10] *Coyne*, 183 F.3d at 493.

[11] *Garner v. SDH Servs. E., LLC*, 55 F. Supp. 3d 1016, 1022 (M.D. Tenn. 2014) (citing *Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428 (6th Cir. 2012)).

[12] *Alexander*, 13 F.3d at 949 (citation omitted).

[13] The common law tort of retaliatory discharge in the context of employment discrimination is preempted by the THRA. *See Pigott v. Battle Ground Acad.*, 909 F. Supp. 2d 949, 967 (M.D. Tenn. 2012). *Accord Fonseca v. Golden Living Ctr.-Mountainview*, 2010 WL 3155984 (E.D. Tenn. Aug. 10, 2010); *Fleming v. Sharp Mfg. Co. of Am.*, 2012 WL 3049624 (W.D. Tenn. July 25, 2012).

However, if Defendant Crotts cannot be held individually liable, then he was fraudulently joined, and Plaintiffs' motion must be denied.

It is undisputed that, prior to July 1, 2014, Tennessee courts recognized that the THRA created individual liability when a plaintiff alleged that the defendant engaged in retaliatory acts against an employee who opposed a discriminatory practice under the THRA, made a complaint, or filed a charge.[14] It is also undisputed that, after July 1, 2014, there is no individual liability for discrimination claims. However, Plaintiffs contend that the "plain, unambiguous language" of the THRA retains individual liability for retaliation claims, even after the 2014 amendments, while Defendants contend that the amendments removed individual liability for both discrimination and retaliation claims.

> The THRA prohibits discriminatory practices, including retaliation.
>
> It is a discriminatory practice for a person or for two (2) or more persons to (1) retaliate or discriminate in any manner against a person because such person has opposed a practice declared discriminatory by this chapter or because such person has made a charge, filed a complaint, testified, assisted or participated in any manner in any investigation, proceeding or hearing under this chapter.[15]

In 2014 the Tennessee legislature amended the THRA for claims accruing on or after July 1, 2014, to eliminate aiding and abetting claims as an individual basis for liability and added "No individual employee or agent of an employer shall be liable for any violation of part 4 of this

---

[14] *See DeSoto v. Bd. of Parks & Recreation*, 64 F. Supp. 3d 1070, 1086 (M.D. Tenn. 2014*)* ("Under the pre-July 2014 version of the THRA" … the THRA "gives rise to individual liability for 'aiding and abetting' under Tenn. Code Ann. § 4–21–301(a)(2)."); *Jennings v. Univ. of Tennessee-Knoxville*, 2013 WL 5428381 * 2 (E.D. Tenn. Sept. 26, 2013) ("As a general rule, the THRA does not allow for the imposition of personal liability because an individual is not an employer. Exceptions exist, however, under § 4–21–301, which permits imposing personal liability in cases such as this [when] a plaintiff alleges that the defendant engaged in retaliatory acts or aided and abetted discrimination." (citations omitted.)).

[15] Tenn. Code Ann. § 4-21-301(a)(1) (2015).

chapter that any employer shall be found to have committed."[16] Part 4 of the THRA, entitled "Employment-Related Discrimination," lists prohibited employment practices such as

> (1) fail[ing] or refus[ing] to hire or discharge any person or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's race, creed, color, religion, sex, age or national origin; or
>
> (2) limit[ing], segregat[ing] or classify[ing] an employee or applicants for employment in any way that would deprive or tend to deprive an individual of employment opportunities or otherwise adversely affect the status of an employee, because of race, creed, color, religion, sex, age, or national origin.[17]

Part 4 of the THRA does not expressly refer to retaliation claims.

Plaintiffs point out that, not only did the legislature specifically comment in part 3 that it was removing individual liability for discriminatory acts, but it also eliminated individual "aiding and abetting" liability. Plaintiffs reason that, if the legislature intended to remove individual liability for retaliation, then it would have taken the additional step of amending the retaliation provision to expressly state that there is no longer individual liability for retaliation claims under part 4 of the THRA.

Defendants have responded that legislative history shows that the stated purpose of the 2014 amendments to the THRA was to clarify Tennessee's existing employment laws to harmonize state law with federal law, which disallows individual liability for both retaliation and discrimination claims, and that Plaintiffs' interpretation of the 2014 amendments draws an arbitrary and unnecessary line between retaliation and discrimination claims brought under the THRA. Defendants point to Senate Bill No. 2126 which amended Tennessee Code Annotated, Title 4, Chapter 21, relative to employment litigation, for claims accruing on or after July 1,

---

[16] Tenn. Code Ann. § 4-21-301(b) (2015).

[17] Tenn. Code Ann. § 4-21-401(a) (2015).

2014. The bill "specifie[d] that no individual employee or agent of an employer will be liable for **any** violation of human rights that an employer committed" (emphasis added).[18] Further, "the purpose of this act is to clarify existing Tennessee statutory employment law and to harmonize Tennessee law with federal law with regard to individual liability and damages caps in employment litigation."[19] In order to achieve this purpose, the amendment omitted § 4-21-301(a)(2), which made it a discriminatory practice to "[a]id, abet, incite, compel or command a person to engage in any of the acts or practices declared discriminatory by this chapter," and inserted § 4-21-301(1)(b) which specifies that "[n]o individual employee or agent of an employer shall be liable for any violation of part 4 of this chapter that any employer shall be found to have committed."[20]

Plaintiffs argue that the use of the phrase "any violation of part 4 of this chapter" means that the 2014 amendments removed individual liability for employment-related discrimination but not for employment-related retaliation claims because the word "retaliation" does not appear in part 4. Plaintiffs also maintain that the Court cannot consider the legislative history of the amendments without first finding that the statute is ambiguous, and, according to Plaintiffs, it is

---

[18] Tennessee Bill Summary, 2014 Reg. Sess. S.B. 2126 .

[19] *See* 2013 Tennessee Senate Bill No. 2126, Tennessee One Hundred Eighth General Assembly - Second Regular Session. It is undisputed that federal employment law does not provide for liability against an individual. *See Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("We now hold that an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII.")

[20] Tenn. Code Ann. § 4-21-301(a)(1), (b) (2015).

clear and unambiguous that the 2014 amendments did not remove liability for individual liability for retaliation claims.[21]

Plaintiffs correctly state that the legislative history of the statute is only relevant if the Court reaches the conclusion that the statute, on its face, is ambiguous.[22] "It is well established that when the statute's language is plain, the sole function of the courts—at least [when] the disposition required by the text is not absurd—is to enforce it according to its terms."[23] Here, the parties have presented two competing interpretations of the amendments, and the statutory language does not favor one interpretation over the other. Because both parties have laid out "plausible readings" of the THRA 2014 amendments, the Court finds that the statutory language is ambiguous.[24] Thus, the meaning of the statute cannot be determined merely by reference to the statutory language, and, to resolve the ambiguity, the Court must turn to the legislative history and policy rationales behind the amendments.

The Court agrees with Defendants that Plaintiffs' interpretation of the 2014 amendments contravenes the legislative intent and stated purpose of the amendments by making an arbitrary distinction between retaliation and discrimination claims where none exists under current federal anti-discrimination laws. The legislative intent behind the 2014 amendments was to harmonize

---

[21] *See Roberson v. Univ. of Tenn.*, 912 S.W.2d 746, 747 (Tenn. Ct. App.), *perm. app. denied* (Tenn. 1995) ("Unambiguous statutes must be construed to mean what they say.").

[22] *See Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009) ("When the statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would extend the meaning of the language and, in that instance, we enforce the language without reference to the broader statutory intent, legislative history, or other sources.") (citation omitted).

[23] *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004) (citations omitted).

[24] *See Brilliance Audio, Inc. v. Haights Cross Commc'ns, Inc.*, 474 F.3d 365, 372 (6th Cir. 2007).

Tennessee's statutory employment laws with federal employment law, which does not provide for individual liability for either discrimination or retaliation claims.[25]

Although part 3 of the THRA discusses discriminatory practices generally, part 4 is the only section that deals exclusively with employment-related discriminatory practices. The phrase "any violation of part 4 of this chapter" in § 4-21-301(b) (which abrogates individual liability for discriminatory practices that an employer could be liable for) is in line with the legislature's purpose of amending only those laws that relate specifically to employment litigation. Part 4 addresses employment-related discriminatory practices and, including the phrase "any violation of part 4" in § 4-21-301(b), makes clear that any changes made to the general provisions of part 3 are not meant to effect other parts of chapter 21 unrelated to employment law, i.e. those parts dealing with discrimination in public accommodations, housing, or finance. Thus, the legislative history of the 2014 militates in favor of Defendants' argument that individual liability was removed for retaliation claims.

Also lending support to Defendants' argument is the decision in *Strong v. HMA Fentress Cty. Gen. Hosp. LLC*,[26] which determined that there is no longer individual liability under the THRA for retaliation claims after the 2014 amendments. In *Strong*, a former hospital employee asserted claims against the hospital and her former supervisor under Title VII and the THRA. The Court first determined that the THRA did not provide for supervisory liability for sexual harassment claims.[27] In reaching this conclusion, the Court noted that:

---

[25] *See* note 19 *supra*.

[26] 194 F. Supp. 3d 685(M.D. Tenn. 2016).

[27] *Id.* at 687 (citing *Carr v. United Parcel Serv.*, 955 S.W.2d 832, 834 (Tenn. 1997), *overruled on other grounds*, *Parker v. Warren Cty. Util. Dist.*, 2 S.W.3d 170 (Tenn. 1999).

8

> Prior to July 1, 2014, the THRA defined a discriminatory practice to include any situation where one or more persons aided, abetted, incited, compelled or commanded a person to engage in a discriminatory Act. *See Rhea v. Dollar Tree Stores*, 395 F.Supp.2d 696, 705–06 (W.D. Tenn. 2005) (citations omitted) ("The THRA 'generally does not impose individual liability on supervisors or co-workers' for discrimination in the workplace" but "does impose liability on 'an individual who aids, abets, incites, compels, or commands an employer to engage' in discriminatory conduct prohibited by the THRA"). However, that language was removed effective July 1, 2014, with the THRA now stating that "[n]o individual employee or agent of an employer shall be liable for any violation of [employment related discrimination] that any employer shall be found to have committed." Tenn. Code Ann. § 4–21–301(b) (alterations in original).[28]

With respect to the plaintiff's retaliation claim, the Court concluded that "[t]o the extent that the Second Amended Complaint can be read as alleging a retaliation claim against [the individually named supervisor], however, that claim is subject to dismissal for the reasons already stated regarding the THRA.[29]

Plaintiffs cite several pre-2014 for the proposition that Tennessee Courts have recognized potential liability against an individual for THRA retaliation claims.[30] There is no dispute that, before the 2014 amendments, there was a cause of action under the THRA against an individual for retaliation. That point of law is not at issue in this case. The cases cited by Plaintiffs do not (and cannot) support their contention that, after the 2014 amendments, an individual may be sued for retaliation under the THRA.

Because Plaintiffs cannot prevail on their retaliation claim against Defendant Crotts, his citizenship cannot be considered for diversity purpose under § 1332. Complete diversity exists

---

[28] Strong, 194 F. Supp. 3d at 688 n. 1.

[29] *Id.* at 689. In light of the Court's statement, Plaintiffs' argument that the *Strong* Court did not address the issue of individual liability for retaliation claims after the 2014 amendments to the THRA is without merit.

[30] *See Hajizadeh v. Vanderbilt Univ.*, 879 F. Supp.2d 910 (M.D. Tenn. 2012); *Briordy v. Chloe Foods Corp.*, 2008 WL 587503 (M.D. Tenn. Feb. 29, 2008); and *Allen v. McPhee*, 240 S.W.3d 803 (Tenn. 2007).

between Defendant Heath Consultants and Plaintiffs; therefore, the motion to remand must be **DENIED**.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE


Date: March 16, 2017.